**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

**BARRY M. COCKRELL**, *Individually,
and on behalf of himself and other similarly
situated current and former employees*,

    Plaintiff,

v.                                                                                NO. _____

**CITY OF JACKSON, TENNESSEE**

                                                        **FLSA Opt-In Collective Action
                                                        JURY DEMANDED**

    Defendant.

**ORIGINAL COLLECTIVE ACTION COMPLAINT**

Named Plaintiff, Barry M. Cockrell ("Plaintiff"), individually, and on behalf of himself and all other similarly situated hourly-paid city truck drivers as a class, brings this Fair Labor Standards Act ("FLSA") collective action against City of Jackson, Tennessee ("Defendant") and states as follows:

### I. INTRODUCTION

1. This lawsuit is brought against Defendant as a collective action under the FLSA, 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime compensation and other damages owed to Plaintiff and other similarly situated as defined herein.

2. Defendant, as a municipality of the State of Tennessee, is covered by Section 3(s)(1)(C) of the Fair Labor Standards Act and, therefore, subject to the overtime provisions of the Act.

3. Defendant violated the FLSA by failing to pay Plaintiff and those similarly situated for all hours worked over forty (40) per week within weekly pay periods at one and one-half

their regular hourly rate of pay, as required by the FLSA.

4. Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

5. Defendant, City of Jackson, Tennessee is a Tennessee municipality with its city hall located at 101 East Main Street, Jackson, Tennessee 38301. The agent for service of process of the Defendant City of Jackson is Scott Conger, City Mayor, who may be served at 121 East Main Street, Suite 301, Jackson, Tennessee 38301.

6. Plaintiff Barry M. Cockrell was employed by Defendant as an hourly-paid city truck driver within this district at all times material to this collective action. Plaintiff Cockrell's consent to join form is attached as *Exhibit A*.

## III. JURISDICTION AND VENUE

7. This Court has jurisdiction over this lawsuit because the suit arises under 29 U.S.C. § 201 *et seq.*

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because Defendant operated and managed its municipal responsibilities in this district and Plaintiff was employed by and performed work for Defendant in this district during all times material to this action.

## IV. CLASS DESCRIPTION

9. Plaintiff brings this action on behalf of himself and the following similarly situated persons as a class:

> All current and former hourly-paid city truck drivers of Defendant during the applicable limitation's period (*i.e.* two (2) years for FLSA violations and three (3) years for willful FLSA violations) up to and including the date of final judgment in this matter including the Named Plaintiff and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. *§* 216(b). (Collectively, "the class").

## V. COVERAGE

10. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of 29 U.S.C. § 203(d).

11. Defendant has been a political division of the State of Tennessee and thereby covered and subject to the provisions of the FLSA pursuant to Section 3(s)(1)(C) of the FLSA.

12. At all times material to this action, Defendant has been the "employer" of Plaintiff and those similarly situated, as that term is defined by §203(d) of the FLSA.

13. Plaintiff and similarly situated hourly-paid city truck drivers have been "employees" of Defendant as that term is defined in the FLSA

## VI.   FACTUAL ALLEGATIONS

14. Defendant has provided municipal services to the citizens of Jackson, Tennessee during all times material to this action.

15. Defendant established and administered the pay practices of Plaintiff and similarly situated hourly-paid city truck drivers during the three (3) years preceding the filing of this collective action.

16. Plaintiff and other similarly situated hourly-paid city truck drivers routinely worked and performed job duties for Defendant in excess of forty (40) hours per week within weekly pay periods during the three (3) years preceding the filing of this collective action complaint.

17. At all times material to this action, Defendant has had a time keeping system for the purpose of recording the hours worked by Plaintiff and similarly situated hourly-paid city truck drivers.

18. Defendant has had a common plan, policy and practice of automatically "editing-out/deducting" a thirty (30) minute meal period during each work shift of Plaintiff and

other similarly situated hourly-paid city truck drivers, irrespective of whether they performed job duties during such "edited-out/deducted" thirty (30) minute meal periods.

19. Given the job duties and responsibilities of Plaintiff and similarly situated city truck drivers, they were required, induced, expected and/or, suffered and permitted by Defendant to continue performing their job duties during such unpaid thirty (30) minute meal periods and without being fully relieved of their job duties and responsibilities during such unpaid meal periods, within weekly pay periods during all times material to this action.

20. Plaintiff and those similarly situated city truck drivers were not compensated at the applicable FLSA overtime compensation rates of pay by Defendant for such unpaid meal periods within weekly pay periods during all times material – considering they routinely performed at least forty (40) hours of work per week, not counting such unpaid thirty (30) minute meal periods per shift.

21. Moreover, Defendant failed to "edit-in" Plaintiff and class members' uncompensated thirty (30) minute meal periods into its time keeping system or otherwise compensate them for such unpaid meal times.

22. The unpaid "edited-out/deducted" meal period claims of Plaintiff and class members are unified through a common theory of Defendant's FLSA violations.

23. Defendant was aware it was not compensating Plaintiff and class members at the applicable FLSA overtime rates of pay for such unpaid meal thirty (30) minute meal times within relevant weekly pay periods at all times material.

24. Defendant's common plan, policy and practice of not compensating Plaintiff and class members for all their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

25. Defendant's failure to compensate Plaintiff and those similarly situated for such unpaid thirty (30) minute meal periods was willful with reckless disregard to the clearly established FLSA overtime compensation requirements and, without a good faith basis.

26. As a result of Defendant's lack of good faith and willful failure to pay Plaintiff and those similarly situated in compliance with the requirements of the FLSA, Plaintiff and class members have suffered lost wages in terms of lost overtime compensation, as well as other damages.

## VII. FLSA COLLECTIVE ACTION ALLEGATIONS

27. Plaintiff brings this case as a collective action on behalf of himself and class members pursuant to 29 U.S.C. § 216(b) to recover from Defendant unpaid overtime compensation, liquidated damages, statutory penalties, attorneys' fees and costs, and other related damages.

28. Plaintiff and class members are "similarly situated" as the term is defined in 29 U.S.C. §216(b) because, *inter alia*, Defendant employed a common pay system that resulted in a failure to pay Plaintiff and class members for all hours worked over forty (40) at one and one-half times their regular hourly rates of pay, as required by the FLSA.

29. This action is properly maintained as a collective action because Plaintiff is similarly situated to the members of the collective class in regard to Defendant's time keeping, pay practices and compensation plans, policies and practices.

30. Plaintiff and class members are similarly situated because their unpaid "edited-out/deducted" meal period claims are unified through a common theory of Defendant's FLSA violations.

31. The collective action mechanism is superior to other available methods for a fair and

efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to class members. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

32. Plaintiff will fairly and adequately protect the interests of the class as his interests are in complete alignment with those of class members, i.e. to pursue their aforementioned unpaid overtime compensation claims.

33. Counsel for Plaintiff will adequately protect his interests as well as the interests of all putative class members.

34. Defendant knew Plaintiff and class members performed compensable work and, were not fully relieved of their job duties, during automatically unpaid "edited-out/deducted" thirty (30) minute meal breaks that resulted in excess of forty (40) hours per week within weekly pay periods and which, as a result, required overtime compensation to be paid as required by the FLSA. Nonetheless, Defendant operated under a common policy and practice to deprive Plaintiff and class members of such overtime compensation.

35. Defendant's conduct, as alleged herein, was willful with reckless disregard to the FLSA overtime requirements, which conduct caused significant damages to Plaintiff and the collective class.

36. Defendant did not have a good faith basis for its failure to compensate Plaintiff and class members for all their compensable overtime hours at the FLSA applicable overtime rates of pay within weekly pay periods during all times material to this action.

37. Therefore, Defendant is liable to Plaintiff and class members under the FLSA for failing to

properly compensate them for their aforementioned unpaid overtime pay.

38. Plaintiff requests this Court to authorize notice to the members of the collective class to inform them of the pendency of this action and their right to "opt-in" to this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

39. Plaintiff estimates there are several hundred putative members of the collective class. The precise number of collective class members can be easily ascertained by examining Defendant's payroll, scheduling, timekeeping, personnel and other work-related records and documents.

40. Given the composition and size of the class, members of the collective class may be informed of the pendency of this action directly via U.S. mail, e-mail, and by posting notice.

41. Plaintiff and class members' unpaid overtime compensation claims may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
**(Violation of the Fair Labor Standards Act)**

42. Plaintiff incorporates by reference all preceding paragraphs as fully as if written herein.

43. At all times material, Plaintiff and class members have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

44. Defendant has been covered and subject to the overtime provisions of the FLSA pursuant to Section 3(s)(1)(C) of the Act.

45. At all times material, Defendant was an "employer" of Plaintiff and each class members, as such term is defined by the FLSA.

46. Plaintiff and class members were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

47. Plaintiff and other class members have been similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b) at all relevant times, as previously described.

48. As a result of Defendant's common plan, policy and practice of automatically "editing-out/deducting" thirty (30) minute meal break periods of Plaintiff and class members during which times they performed work and/or were not fully relieved of their job duties and, thereby failing to compensate them for such time at the applicable FLSA overtime compensation rates of pay, as previously described, Defendant has violated the FLSA and is liable to them for such unpaid overtime compensation.

49. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

50. Through its actions, plans, policies and practices Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and class members for all hours worked in excess of forty (40) per week at one and-one half times their regular hourly rates of pay within weekly pay periods during all times material to this Complaint, as required by the FLSA.

51. Defendant's actions were willful with reckless disregard to clearly applicable FLSA provisions.

52. Defendant's actions were not in good faith.

53. The unpaid overtime claims of Plaintiff and the class are unified through a common theory of Defendant's FLSA violations.

54. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiff and class members have suffered and will continue to suffer a loss of income and other damages.

55. Therefore, Defendant is liable to Plaintiff and other members of the class for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and class members request the Court to enter judgment in their favor on this Complaint and:

a) Award Plaintiff and class members all unpaid overtime compensation against Defendant;

b) Find and declare that Defendant's violations of the FLSA were willful, and accordingly, the three (3) year statute of limitations under the FLSA applies to this action;

c) Award Plaintiff and class members liquidated damages in accordance with the FLSA;

d) Award prejudgment interest (to the extent that liquidated damages are not awarded);

e) Award Plaintiff and the class members reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

f) Award post-judgment interest and court costs as allowed by law;

g) Enter an Order designating this action as an opt-in collective action under the FLSA;

h) Enter an Order directing the issuance of notice to putative class members pursuant to 29 U.S.C. § 216(b) for the claims of the class;

i) Allow Plaintiff to amend the Complaint, if necessary, as new facts are discovered;

j) Provide additional general and equitable relief to which Plaintiff and class members may

be entitled; and

k) Provide further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: July 17, 2020.                               Respectfully Submitted,

*s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Robert E. Morelli, III (TN BPR #037004)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*rmorelli@jsyc.com*

*ATTORNEYS FOR PLAINTIFF
AND FOR OTHERS SIMILARLY
SITUATED*